O. E. SIMPSON v. THE STATE.

No. 409.    Decided February 9, 1910.

**Minor—Pool Hall—Evidence—Mistake—Good Faith.**

Upon trial for allowing a minor to enter and remain in a pool hall, where the defendant claimed a written order from the minor's mother, which the latter denied having given, it was reversible error not to permit the defendant to show that he acted in good faith upon said order and that the transaction on his part was a mistake of fact. Following Pressler v. State, 13 Texas Crim. App., 95.

Appeal from the County Court of Lubbock. Tried below before the Hon. John R. McGee.

Appeal from a conviction of allowing a minor into a pool hall; penalty, a fine of $25.

The opinion states the case.

*Puckett & Greer,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—The appellant was tried and convicted in the court below for allowing a minor to enter and remain in the pool hall operated and managed by him, the appellant, without the consent of the parents of the said minor. His penalty was assessed at a fine of $25.

1. On the trial of the case in the court below the appellant offered in evidence an order signed by Mrs. Josephine Sanders, the mother of the minor, Arthur Sanders, dated January 15, 1909, and addressed to Mr. J. L. Martin, who was the clerk for the appellant, which order stated: "Please let Arthur come in and play pool and oblige." Mrs. Sanders had testified in the case that she had never given her consent for Arthur to play pool at appellant's pool hall. There was no testimony offered as to whether the above order was genuine or not. Arthur Sanders testified that he gave this order to Martin. Martin, he says, turned the order over to appellant, and this was some time in January. The pool playing commenced in January and continued somewhere along about April. Appellant offered this order, he claims, for the purpose of showing a mistake of fact upon the part of appellant and to show that he had no reason to believe that it was not genuine. This testimony was excluded by the court below. The appellant saved a bill of exceptions to the action of the court below. In this we think the court was in error. Appellant had the right to go into an inquiry in regard to the order to show that he received it and to show that he acted upon it, and also to show the circumstances under which the order was given by this young man; to show good faith and that he acted upon a mistake of fact. This, as we understand, as a defensive matter, he had a right to show. He had a right to show this as evidence of a want of knowledge on his part that Mrs. Sanders had not given the order. We think, under the rule laid down in the case of Pressler v. State, 13 Texas Crim. App., 95, that the court erred in not admitting this testimony and for that reason the case will have to be reversed. We think this is the only material question in the case, and that the other questions raised are neither material nor likely to occur upon the trial of the case again.

The judgment is the court below is reversed and the cause is remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.